BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00051-BR-24 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TRAVIS COX,** | |
| **Defendant.** | Sentencing Date: August 7, 2017 9:00 a.m. |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, submits this memorandum for defendant Travis Cox's sentencing, which is currently set for Monday, August 7, 2017, at 9:00 a.m.

I.    **Summary of the Government's Position**

The government is recommending a sentence of 2 years of probation, with a special condition, among others, that defendant be confined to home detention for a period of 4 months.

II.    **Factual Background**

On July 20, 2016, defendant Travis Cox pleaded guilty under Rule 11(c)(1)(B) to Count 1 of the Superseding Indictment, charging Conspiracy to Impede Federal Officers by Force, Threat, or Intimidation under 18 U.S.C. § 372.

After extensive pretrial litigation and two jury trials, the Court is well aware of the facts surrounding the occupation of the Malheur National Wildlife Refuge ("MNWR") from January 2 through February 11, 2016. That background is also set forth in paragraphs 19–40 of the Presentence Investigation Report ("PSR").

With respect to Mr. Cox's specific Offense Conduct, paragraphs 36–38 of the PSR are instructive:

> 36. In January 2016, T. Cox occupied the MNWR. Photographs and videos showed that members of the conspiracy, including T. Cox, openly carried firearms while at the refuge. Specifically T. Cox performed armed guard duty at the refuge on a regular basis. One photo showed T. Cox patrolling on the refuge, with a rifle slung over his shoulder, and a video showed T. Cox with a handgun on his hip on the refuge in the bunk house. On January 26, 2016, T. Cox's Facebook account posted "let it be known, that free men stood against tyrants. If I die here, I go with love in my heart, and brothers by my side."
>
> 37. According to a sign-in sheet kept at the refuge, starting on January 9, 2016, T. Cox occupied the refuge until he eventually left late at night on January 26, 2016. . . . He was ultimately arrested in Utah a couple months later. Defendant self-surrendered on April 12, 2016, in Cedar City, Utah, on the federal warrant. He was transferred to U.S. Marshals custody on April 14, 2016.
>
> 38. Subsequent to the last of the occupiers surrendering . . . the FBI Evidence Response Team searched the refuge buildings and grounds. During the search,

the FBI recovered a Remington .308 caliber rifle, which had been purchased by T. Cox just a few months before the occupation.

### III.  Advisory Sentencing Guidelines Calculation

The government recommends that the Court adopt the following guideline calculation:

- The **Base Offense Level is 10** under U.S.S.G. § 2X1.1(a) and U.S.S.G. § 2A2.4(a).

- Because a dangerous weapon (including a firearm) was possessed and its use was threatened, a **3-level upward adjustment** applies under U.S.S.G. § 2A2.4(b)(1)(B) and U.S.S.G. § 1B1.3(a)(1)(B).

- For defendant's acceptance of responsibility, a **2-level downward adjustment** applies under U.S.S.G. § 3E1.1.

- Because the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct, a **3-level upward departure** applies under Application Note 4 to U.S.S.G. § 3A1.4.

- For defendant's early disposition of this complex case, a **4-level downward variance** applies under 18 U.S.C. § 3553(a).

Defendant Travis Cox therefore has a Total Offense Level of 10.   This same Total Offense Level of 10 was previously agreed upon by the parties, but the method of calculation above is slightly different from the plea agreement.   See PSR, at Note 1.

Defendant has no prior criminal history.   In Criminal History Category I, Offense Level 10 yields an advisory guideline range of 6–12 months in Zone B.

### IV.  Government's Recommendation

Pursuant to the plea agreement, the government is recommending a sentence at the low end of Offense Level 10.   In particular, the government is recommending a sentence of 2 years of probation, with the standard conditions for the District of Oregon and the special conditions listed in the Presentence Investigation Report.   The government further recommends that a term

of home detention be imposed on defendant as a special condition of probation. The government recommends that defendant receive credit for the 2 months that he spent in pretrial custody, so a term of 4 months of home detention (rather than 6 months) would be appropriate.

While the government supports all of the recommended special conditions listed in the PSR, it is especially important to the victims in this case that the defendant be subject to the following conditions:

- "You must not occupy, reside on, or camp in any federal land without the prior approval of the probation officer" (Proposed Special Condition No. 7); and
- "You must not enter onto any federal lands managed by the U.S. Bureau of Land Management, the U.S. Fish and Wildlife Service, the National Park Service, or the U.S. Forest Service without prior approval of the probation officer" (Proposed Special Condition No. 8).

## V.     Restitution

The Court has set a schedule for restitution determinations in this case. That schedule will extend beyond 90 days of defendant's sentencing hearing. *See* ECF. No. 2119; *see also* 18 U.S.C. § 3664(d)(5). The government therefore requests that at defendant Travis Cox's sentencing hearing, the Court state on the record that some restitution is applicable, but leave the amount open for more than 90 days. *See Dolan v. United States*, 560 U.S. 605 (2010).

/ / /

/ / /

/ / /

/ / /

**VI.    Conclusion**

For the reasons stated above, and pursuant to the plea agreement, the government respectfully recommends a sentence of 2 years of probation, with a special condition of 4 months of home detention.

Dated this 31st day of July 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney


*s/ Craig J. Gabriel*
ETHAN D. KNIGHT, OSB #992984
GEOFFREY A. BARROW
CRAIG J. GABRIEL, OSB #012571
Assistant United States Attorneys
