Paul Hood, OSB 132271
1001 SW Fifth Ave, Suite 1415
Portland, OR 97204
Telephone: 541-513-7545
paul@paulhoodlaw.com

Attorney for Defendant Travis Cox

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| UNITED STATES OF AMERICA, | ) | NO. 3:16-cr-00051-BR-24 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| TRAVIS COX, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Please accept this memorandum on behalf of Travis Cox, who is to be

sentenced on August 7, 2017. Mr. Cox pleaded guilty to engaging in a conspiracy

to impede officers of the United States. The statute has no mandatory minimum

and a six-year maximum. Mr. Cox has no objection to the Presentence

Investigation Report prepared by United States Probation Officer Theresa Fuchs.

**Legal Framework**

The sentencing guidelines are advisory, rather than mandatory. United States v. Booker, 543 U.S. 220, 249-50 (2005). The overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical, care or other correctional treatment. United States v. Carty, 520 F.3d 988, 991 (9th Cir. 2008) (quoting 18 U.S.C. §3553(a)).

**Defendant's Recommendation**

Travis Cox is a hard-working and personable young man who has accepted responsibility for his conduct. At the time of the occupation of the Malheur National Wildlife Refuge, Mr. Cox was twenty years old. While some defendants travelled from outside of Oregon to occupy the refuge, Mr. Cox is from central Oregon. The occupation was—relatively speaking—in his own backyard. After turning himself in on a warrant, Mr. Cox spent 51 days in custody on this case before being placed on pretrial release on June 2, 2016. He has done very well on pretrial release. He is employed and has strong support among family and loved ones. The Government asks the Court to place Mr. Cox on probation with home detention along with credit for the time he was incarcerated against the duration of

that home detention.  In light of his youth, the absence of criminal convictions

prior to this case, his exemplary conduct on pretrial release, his nearly two months

in custody prior to being placed on pretrial release, and the immense support he has

from his family and loved ones, this sentencing memorandum recommends that

Mr. Cox receive credit for time served and a one-year period of supervised release

pursuant to 18 U.S.C. §3583.

### The Presentence Investigation Report and Additional Information

The Presentence Investigation Report (hereinafter "Report") provides

several important details about Mr. Cox.  The Report was originally prepared on

October 24, 2016 and revised on November 17, 2016 and May 11, 2017.  It is

useful to elaborate on some of the details provided in the report and to update a

few other items.  In the interests of privacy, the names of individuals and

institutions have generally been omitted from this memorandum.  Those names are

already in the Report or can be made known to the Court during the sentencing

hearing.

When the Report was originally prepared, Mr. Cox was employed at a pizza

restaurant.  See Report at paragraph 71.  That employer was aware of the present

case and permitted Mr. Cox to return to employment after pretrial release was

granted.  More recently, Mr. Cox took a better paying job with a construction

company.  That employer is also aware of the present case.  Both of these are

relatively small businesses, meaning the bosses know the workers.  Both of these employers recognize that Mr. Cox is a hard-working and generally responsible young man.  Because they are familiar with him and his character, they were willing to hire him even though they were aware of this case.

The Report also discusses Mr. Cox's relationship with his girlfriend.  See Report at paragraph 66.  They are now engaged, with a wedding date in late August of next year.  Mr. Cox's fiancée has been aware of this case from the beginning, as have her parents.  They are a law-abiding family from Mr. Cox's community.  Like Mr. Cox's past and present employers, they recognize that Mr. Cox has made a significant mistake, but that the mistake alone does not fully define who Travis Cox is.

In addition, as the Report explains, Mr. Cox had a fairly normal upbringing. Report at paragraphs 63 and 64.  His father is a retired paramedic.  His mother works for a fire department.  At the time of the report his sister had received licensing as an emergency medical technician.  She has since become a paramedic. Mr. Cox has a very good relationship with his mother and sister, though as the Report notes he has little contact with his father.  In June of 2015, after 29 years of marriage, Travis Cox's father left his mother for another woman.  This was not a marriage that had been on a slow and obvious decline.  This was a sudden and unexpected end to the family life that Travis Cox had grown up with.  No one

contends that the sudden and unexpected divorce caused the criminal conduct in this case, but it is at least somewhat notable that Travis Cox has no prior criminal convictions and that his conduct in this case arose during a time of significant disruption in his family life.

### The Competing Recommendations

The relevant sentencing guideline factors are not in dispute in this case. The underlying criminal conduct is also not in dispute. The difference between the recommendations presented by the parties is not large. The Government asks this Court to place Travis Cox on two-years of probation with a period of home detention with credit for time in custody against the time on home detention. The Defendant recommends time served and a one-year period of supervised release. While the Government supports credit for time served in a fashion, the Government recommends credit against home detention on a one-day-for-one-day basis. This seems like an inadequate calculation for the simple reason that one day in custody is worse than one day on home detention. In fact, fifty-one days in custody should generally be regarded as a greater punishment and deterrence than six months of home detention. For that simple and straightforward reason and because of the factors previously discussed, this memorandum recommends time served with one-year of supervised release.

Undersigned defense counsel has represented hundreds of criminal defendants and recognizes in Travis Cox the same qualities that his family members, loved ones, and employers have recognized.  Mr. Cox made a mistake. It was a significant mistake, and Mr. Cox knows that.  He has accepted responsibility for his conduct, and he has worked and continues to work to move forward on a better path.

DATED this 1st day of August 2017.        Respectfully submitted,

/s/ Paul Hood
PAUL HOOD, OSB No. 132271
Attorney for Travis Cox